Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000127
18-OCT-2013
10:06 AM

NO. CAAP-13-0000127


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


OAHU PUBLICATIONS, INC., doing business as
Honolulu Star-Advertiser, Plaintiff-Appellee, v.
NEIL ABERCROMBIE, in his official capacity as Governor of the
State of Hawai'i, Defendant-Appellant, and DOE GOVERNMENTAL
AGENCIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1871-08 KKS)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge and Leonard, J.,
with Ginoza, J., dissenting)

Defendant-Appellant Neil Abercrombie, in his official capacity as Governor of the State of Hawai'i (Gov. Abercrombie), timely appeals from the February 8, 2013 second amended judgment entered by the Circuit Court of the First Circuit (Circuit Court)[1] that found in favor of Plaintiff-Appellee Oahu Publications, Inc. (Oahu Publications) on all counts in Oahu Publications's complaint and awarded attorneys' fees and costs to Oahu Publications.

As his sole point of error, Gov. Abercrombie challenges the Circuit Court's award of attorneys' fees and costs to Oahu Publications on the basis that the number of attorneys' hours and photocopying costs claimed were unreasonable. Based on our

---

[1] The Honorable Karl K. Sakamoto presided over all proceedings in this case.

review of the record, the point raised, the arguments of the parties and the applicable authority, we resolve Gov. Abercrombie's appeal as follows.

Oahu Publications brought this suit for judicial enforcement under Hawaii Revised Statutes (HRS) § 92F-15 (1993) of the Uniform Information Practices Act (UIPA). The award of attorneys' fees and costs in the amount of $69,027.06 was made pursuant to HRS § 92F-15(d).

> [The appellate] court reviews the denial and granting of attorney's fees under the abuse of discretion standard. The same standard applies to [the appellate] court's review of the amount of a trial court's award of attorney's fees. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawai'i, 106 Hawai'i 416, 431, 106 P.3d 339, 354 (2005) (Chun II) (quoting Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawai'i, 92 Hawai'i 432, 439, 992 P.2d 127, 134 (2000)) (citations, internal quotation marks, brackets in original, and ellipses omitted). Thus, Gov. Abercrombie carries the burden of demonstrating on appeal that the Circuit Court "clearly exceeded the bounds of reason" in its award of attorneys' fees and costs. Chun II, 106 Hawai'i at 431, 106 P.3d at 354 (citation and internal quotation marks omitted).

     A.    Whether the Circuit Court Lacked Sufficient Information to Determine the Reasonableness of the Number of Hours Spent on the Case.

HRS § 92F-15(d) requires the court to "assess against the agency reasonable attorney's fees and all other expenses reasonably incurred in the litigation." When reviewing the trial court's decision for abuse, "the question is whether the trial court's award of attorneys' fees and costs was reasonably supported by the record." Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 122-23, 176 P.3d 91, 121-22 (2008).

Gov. Abercrombie first argues that the "Description portion of 56 of the 173 entries on the 'billables'/invoices . . . were redacted, and essentially blank[,]" and that as a result, the fees awarded must be reduced by the amount of these hours "because the circuit court had insufficient information with which to determine whether that time was 'reasonably expended.'"

However, despite the redactions, the general nature of the services rendered, e.g., "legal research," "review and revise memo re UIPA and case strategy," or "continued drafting of complaint," and the time spent on the service still appear on these invoices. Together with its knowledge of the nature of the case, the quality of the documents filed, and performance in court by Oahu Publications's attorneys, the Circuit Court, who presided over all proceedings in this case, had a substantial basis upon which to determine that the fees requested were reasonable. Thus, we cannot conclude that the Circuit Court "clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant" in granting the request for attorneys' fees and costs. Chun II, 106 Hawai'i at 431, 106 P.3d at 354 (citation and internal quotation marks omitted).

> B. Whether the Invoice Descriptions were too Generalized.

Gov. Abercrombie also argues that, in addition to the descriptions that were redacted, the descriptions for 10% of the time entries were too generalized. Gov. Abercrombie provides no support for this assertion. Moreover, Gov. Abercrombie does not point to where this argument was made before the Circuit Court. A failure to raise or properly preserve issues at the trial level will generally be grounds to deem those issues waived. Enoka v. AIG Hawai'i Ins. Co., Inc., 109 Hawai'i 537, 546, 128 P.3d 850, 859 (2006).

3

C.    Whether an Estimate of Time was Sufficient
      for an Award of Attorneys' Fees.

Gov. Abercrombie argues that "without hours with which to calculate the 'lodestar,' the fee awarded cannot be reasonable." However, once again, Gov. Abercrombie did not object to the provision of only an estimate for the time spent on the motion for attorneys' fees and costs. We note that the Hawaiʻi Rules of Civil Procedure (HRCP) require that "the motion [for attorneys' fees] must . . . state the amount or provide a fair estimate of the amount sought." HRCP Rule 54(d)(2)(B) (emphasis added). Finally, counsel for both parties presented their arguments to the Circuit Court regarding the reasonableness of the fees claimed for this purpose. Thus, without more, it was not an abuse for the Circuit Court to award fees on this basis.

D.    Whether the Fees and Costs Award was
      Unreasonable.

Gov. Abercrombie contends that some of the hours used to calculate the award were excessive, not productive, unnecessary, or spent performing tasks unrelated to litigating the UIPA Claim.

In its order granting attorneys' fees and costs, the Circuit Court specifically found that "given the novel and complex issues presented by this case and the extensive research it entailed, the time expended by the attorneys for the Plaintiff . . . was reasonable[.]"

1.    Whether Fees for "Work Not Actually
      Used" in the Case were Unreasonable.

Gov. Abercrombie argues that 4.6 hours of work for analyzing issues for appeal, analyzing jury demand issues, drafting a motion for judicial notice, and preparing a discovery plan should not be included in the fees awarded because "none of this work was actually used in the case." Gov. Abercrombie argues that fees awarded on the basis of time spent analyzing issues on appeal before the case on the merits was decided was "premature, self-imposed, avoidable, and unnecessary." This

argument is based on Gov. Abercrombie's assessment of the attorneys involved and their experience and his opinion regarding how long their work should take. Without more, Gov. Abercrombie has not demonstrated that the Circuit Court "exceeded the bounds of reason" in its award of attorneys' fees and costs. Chun II, 106 Hawai'i at 431, 106 P.3d at 354 (citation and internal quotation marks omitted).

2.      Whether the Time Spent on the Same Activity by Multiple Attorneys was Unreasonably Spent.

Gov. Abercrombie argues that the more than 29 hours spent drafting the complaint and the more than 70 hours spent drafting the motion for summary judgment contained time that was "redundant and duplicative[.]" However, Gov. Abercrombie's reliance on Fought & Co., Inc. v. Steel Eng'g & Erection, Inc., 87 Hawai'i 37, 56, 951 P.2d 487, 506 (1998) for the proposition that "[m]ultiple attorneys billing hours for the same activity is unreasonable as a matter of law[,]" is misplaced. In Fought, the Hawai'i Supreme Court disallowed charges sought by Fought's general counsel that it found were "duplicative of charges also claimed by Fought's Hawai'i counsel" and appeared unreasonable under the circumstances presented there. Fought, 87 Hawai'i at 56, 951 P.2d at 506. The Court was asked to decide whether the attorneys' fee request was reasonable under HRS § 607-14 (Supp. 2012) and Hawai'i Rules of Appellate Procedure Rule 39 and not whether the trial court abused its discretion in making the award. Id. The practice of billing for reasonable time spent by multiple attorneys from the same firm was not categorically outlawed by Fought.

Gov. Abercrombie further contends that a similar case that addressed the disclosure of the list of judicial nominees, Pray v. Judicial Selection Comm'n of State, 75 Haw. 333, 861 P.2d 723 (1993), and three Office of Information Practices opinions should have reduced the time that was needed to prepare the motion for summary judgment. Gov. Abercrombie suggests that "20

hours should have been more than sufficient" and a "particularly reasonable" amount of time to spend.

However, Gov. Abercrombie does not provide the authority or point to evidence supporting his position that no more than twenty hours was reasonable. Gov. Abercrombie's view of how much time was reasonable or sufficient is not the applicable test. The Circuit Court noted that it "did not see any duplicative or excessive hours charged[.]" The Circuit Court noted in its written order granting attorneys' fees and costs that due to the "novel and complex issues presented by this case and the extensive research it entailed," the time submitted was reasonable. The Hawai'i Supreme Court has stated that "the judge is an expert [her]self and knows as well as a legal expert what are reasonable attorney fees, and that the amount of attorney's fees is within the judicial discretion of the court, and in fixing that amount the trial court may proceed upon its own knowledge of the value of the solicitor's services." Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai'i 286, 306, 141 P.3d 459, 479 (2006) (citation and internal quotation marks omitted).

3.   Whether the Cost of Photocopying was Wrongfully Included in the Award.

Finally, Gov. Abercrombie argues that because the photocopying costs were not documented with more specific information, this cost should be rejected. Upon examination of the record, it appears that the only documentation given for the photocopying costs totaling $564.60 is a single line-item in a table titled "Bill of Costs." No further breakdown of the photocopying costs are provided. The only support for Oahu Publications's requested copying costs is in the written declaration of one of its attorneys who stated that the total costs request was, in his opinion, "reasonable." Gov. Abercrombie contends that the "single page, four-item list titled 'Bill of Costs,' attached to the motion as Exhibit 5" was

6

insufficient because it contained no information about "how many pages of what[] was photocopied, when, or for what part of the litigation." We agree.

Therefore, the February 8, 2013 second amended judgment entered by the Circuit Court of the First Circuit is affirmed as to the award of attorneys' fees and vacated as to the photocopying costs. The case is remanded for further proceedings regarding the photocopying costs.

DATED: Honolulu, Hawai'i, October 18, 2013.

On the briefs:

Charleen M. Aina and
Robyn B. Chun,
Deputy Attorneys General,
for Defendant-Appellant.

Diane D. Hastert,
Robert H. Thomas, and
Mark M. Murakami,
(Damon Key Leong Kupchak
Hastert)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge